IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROBERT L. BACHMAN, BAR NO. 5860

No. 85456

FILED

NOV 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Robert L. Bachman. Under the agreement, Bachman admitted to violating RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 5.3 (responsibilities of nonlawyer assistants), and RPC 5.4 (professional independence of a lawyer). He agreed to a six-month suspension stayed during a one-year probationary period with conditions.

Bachman has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-cited rules by allowing nonlawyers to meet with two of his clients and handle their cases, by including in his retainer agreement with those clients that retainer deposits were nonrefundable, by including in the retainer that a company that was not a law firm would perform the services the clients hired him for, and by failing to communicate with the clients regarding the status of their cases.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-36/23

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Bachman admitted that he knowingly violated duties owed to clients, the public, and to the legal system. Two clients suffered injury or potential injury by paying Bachman for legal services he never provided. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) (providing that suspension is appropriate "when a lawyer knowingly fails to perform services for a client and causes injury"), Standard 7.2 (providing that suspension is appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports the panel's findings of two aggravating circumstances (multiple offenses and a vulnerable victim) and one mitigating circumstance (absence of a prior disciplinary record). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Robert L. Bachman for six months, stayed during a one-year probationary period commencing from the date of this order and subject to the following conditions: Bachman provides

quarterly reports to the State Bar to include a list of firm employees and responsibilities, and an explanation of how those employees are trained to perform their responsibilities. The report will also include a review of the procedures used when working with the company Debt Solution Services to ensure any legal work required to be performed by that company is done by respondent or another attorney. Bachman will also update his retainer agreement and submit it to the State Bar for review before the probationary term expires. Finally, Bachman shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, before the probationary term expires.[1] The State Bar shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:    Law Office of Timothy P. Thomas, LLC
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

---

[1]The plea agreement permitted Bachman to pay the costs of the proceedings over the term of his probationary period.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.